Per curiam.
 

 -Proof of the hand writing of a merchant’s clerk while he is alive, is not admissible; because of the great opening to fraud that it would make. A merchant might charge to any man in his books the delivery of articles to any amount, and cause the entries to be made by a clerk about to remove to another state beyond the reach of process from our courts, and after his removal recover upon proof of his hand writing. In the case of an instrumentsry witness, Iris name appearing in his own band writing, is some evidence that he was. required to attest for the purpose of proving it m case of a dispute ; and when this evidence is corroborated by proof also of the obligor’s hand writing, it amounts to strong proof of the bond': here there is not so much reason for caution as- in the other case — a deposition is not required, because it might be very expensive and tiaublesome to obtain it, and the obligors hand writing ousts the probability of a contrivance between the obli-gee arid witness, but proof of the witness’s hand writing is required, because if not made, the plaintiff would not give the best evidence in his power, and thereby raises a suspicion that the witness did not attest. — Where there is no attesting witness the hand writing of the obligor might under some circumstances be proof enough, but that case is not liable to the objection of the plaintiff not making all the proof in his power.
 

 Badger
 
 then proved the defendants admission of the bond, and praying an injunction against this action by- producing the bill in equity that he had filed, and the plaintiff had a verdict..